FRANCIS H. WEEKS et al., as Executors, etc., Respondents, *v.*
FREDERIC B. ESLER, Appellant.

*It seems,* that the mere presence of a corporate seal upon an instrument in the
form of a promissory note, executed by the corporation without any
evidence that its officers intended to or did affix it, does not change the
character of the instrument.

Upon the corner of such an instrument was impressed the name of the
corporation, with the words "Incorporated. Seal." There was no recital
that the seal of the corporation was affixed, and in an action against the
payee as indorser of the instrument, there was no evidence that the
corporate seal was impressed, or that what thus appeared was the cor-
porate seal. *Held,* that the paper could not be regarded as a sealed
instrument.

As to whether the presence upon such an instrument of the corporate
seal would affect its negotiability, *quære.*

Reported below, 68 Hun, 518.

(Argued October 11, 1894; decided October 23, 1894.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made April 14, 1893, which affirmed a judgment in favor of
plaintiffs entered upon a verdict directed by the court.

This action was brought against defendant, as indorsee of
two instruments in the form of promissory notes, made by the
Electric Power Company, payable to the order of defendant,
who indorsed them to the United Electric Traction Company,
by whom they were indorsed and delivered for value before
maturity to plaintiff's testatrix.

The notes were signed by the president and treasurer, and
upon the lower left-hand corner of each was impressed the
following:

THE ELECTRIC POWER
COMPANY.
INCORPORATED
SEAL 1889.

The defendant set up on his answer that the notes were
sealed and so non-negotiable.

Further facts appear in the opinion.

*William H. Rand, Jr.,* for appellant. An instrument in form a promissory note but under seal is not negotiable. (Chitty on Bills, 516, 517; *Butler* v. *Crisps,* 6 Mod. 29; *Pearson* v. *Garrett,* 4 id. 242; *Lamourieux* v. *Hewitt,* 5 Wend. 308; *Warren* v. *Lynch,* 5 Johns. 239; *Steele* v. *O. C. M. Co.,* 15 Wend. 266; *Merritt* v. *Cole,* 9 Hun, 98; *Curtis* v. *Leavitt,* 15 N. Y. 9; *Mann* v. *Sutton,* 4 Rand, 253; *Force* v. *Craig,* 2 Halst. 272; *Parker* v. *Kennedy,* 1 Bay, 398; *Parks* v. *Duke,* 2 McCord, 380; *Tucker* v. *English,* 2 Speers, 673; *Lewis* v. *Wilson,* 5 Blackf. 369; *Sayre* v. *Lucas,* 2 Stew. 259; *Skidmore* v. *Tuttle,* 4 Tex. 301; *Dinsmore* v. *Duncan,* 57 N. Y. 573, 577; *Brown* v. *Jordhal,* 32 Minn. 135; *Bradford* v. *Randall,* 5 Pick. 496; *M. D. Foundry* v. *Hovey,* 21 id. 417; *Stebbins* v. *Merritt,* 10 Cush. 27; *Phillips* v. *Coffee,* 17 Ill. 154; *Morris* v. *Kell,* 20 Minn. 531, 533; *Koehler* v. *I. Co.,* 2 Black, 717; *D. Co.* v. *Myers,* 6 S. & R. 16; *S. L. Schools* v. *Risley,* 28 Mo. 415; *S. J. Church* v. *Steinmetz,* 18 Penn. St. 273; *Reynolds* v. *Trustees,* 6 Dana, 40; *S. C. Assn.* v. *Bustamente,* 52 Cal. 192; *Staples* v. *Nott,* 128 N. Y. 403; *Hopkins* v. *R. R. Co.,* 3 W. & S. 410; *Sidle* v. *Anderson,* 45 Penn. St. 464; *Erevall* v. *Fitch,* 5 Whart. 325; *Henricus* v. *Englert,* 137 N. Y. 488; *Briggs* v. *Partridge,* 64 id. 357; *Shuefer* v. *Henkel,* 75 id. 378; *Nicholl* v. *Banke,* 28 id. 580.)

*George Holmes* and *De Forest Bros.* for respondents. The notes are negotiable on their face under the law merchant. (*Weeks* v. *Esler,* 68 Hun, 519, 579; Daniel on Neg. Inst. § 32; *Clarke* v. *F. W., etc., Co.,* 15 Wend. 56; *Steele* v. *O. M. Co.,* Id. 265; *Porter* v. *McCullum,* 15 Ga. 528; *C. Bank* v. *C. R. R. Co.,* 5 S. C. 156; *Irwin* v. *Brown,* 2 Cranch, 314; *Spicer* v. *Buchannan,* Wright, 583; *Bank of St. Clairsville* v. *Smith,* 5 Ohio, 222; *Bain* v. *Wilson,* 10 Ohio St. 19; *Jackson* v. *Meyers,* 43 Md. 452; *Muth* v. *Dolfield,* Id. 466; *In re I. L. Co.,* L. R. [11 Eq.] 498; *Aggs* v. *Nicholson,* 1 H. & N. 165–225; *Colson* v. *Arnot,* 57 N. Y. 253.)

GRAY, J.    The instruments sued upon were in the form of promissory notes of the Electric Power Company and were signed by "Frederic B. Esler President" and "F. A. Lee Treasurer." The defendant was the payee and they came into the hands of the plaintiffs' testatrix, for value. Upon the corner of each paper were impressed the words "The Electric Power Company. Incorporated. Seal. 1889," and it is argued that the presence of this seal deprived it of its negotiable character. We agree with the learned justices below that, in the absence of any recital that the seal of the corporation was affixed and of any evidence to show the fact of sealing, or that the corporate seal was impressed, or that it was, in fact, the corporate seal which thus appeared, these notes could not be regarded as sealed instruments. The absence of these elements precludes the presumption that they were uttered by the company as its sealed obligations. Assuming that the presence of the corporate seal upon such an instrument, or note, could affect its negotiability ; — a proposition as to which we entertain grave doubts, but which we do not feel called upon now to determine — we think that its mere presence, unaccompanied by a single fact evidencing that the company's officers intended to, or did, affix it, was quite insufficient to have any effect upon its apparent character. These instruments have the appearance of having been made as the company's negotiable promissory notes, and we are not disposed to hold that the unexplained presence of a corporate seal upon them has made them anything else. We are unaware of any authority, and none has been brought to our attention, requiring us to hold otherwise. Whatever is claimed for the presumption which attaches ordinarily to seals of corporations, when appearing to be affixed to deeds or other instruments, in such a case as this it would be unreasonable to hold that any presumption existed.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.