GILLETTE et al. v. HODGE et al.

(Circuit Court of Appeals, Eighth Circuit. May 3, 1909.)

No. 2,784.

1. BILLS AND NOTES (§ 173*)—TIME OF MATURITY—MATURITY ON NONPAYMENT OF INTEREST.

A provision in a promissory note that it shall become due and payable at once on default in the payment of interest is not self-executory, but merely gives the holder an option to declare the note due, and unless such option is exercised a default in the payment of the interest does not affect the negotiability of the note.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 173.*]

2. BILLS AND NOTES (§ 369*)—DEFENSES AS AGAINST BONA FIDE PURCHASER—CONDITIONAL DELIVERY.

That a negotiable note was delivered to the payee subject to a condition which has not been fulfilled is not a defense to the note in the hands of a bona fide indorsee for value before maturity.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 951; Dec. Dig. § 369.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

James R. Bennett, Jr. (W. N. M. Crawford, on the brief), for plaintiffs in error.

R. M. Barnes (Jay H. Magoon and Charles S. Cairns, on the brief), for defendants in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. This was an action brought by Hodge Bros., the defendants in error, against the plaintiffs in error, on three promissory notes, dated April 13, 1903, payable to Robert Burgess & Son, or order, respectively, July 1, 1904, 1905, and 1906, with interest payable annually. The notes contained a provision that default in the payment of interest should cause the whole note to become immediately due. The plaintiffs are private bankers, who discounted the notes at the rate of 10 per cent. on June 2, 1904, passing the proceeds to the credit of the payees, who afterwards drew the same in full. The answer interposes two defenses: First, that the notes were given as the purchase price of a stallion, and that the horse failed to comply with the warranties made by the vendors; second, that the notes were handed to the payees by the defendants upon an express agreement that they should not be treated as delivered until the signature of four other persons named in the answer should be obtained, and that, unless such signatures should be obtained, the notes should

be of no effect. To make these defenses available, the defendants first sought to show that the notes were dishonored at the time they were acquired by the plaintiffs. Their main reliance for establishing this fact is the provision in the notes that they should become immediately due if there was default in the payment of interest. The first year's interest was due April 13, 1904. This installment of interest was, therefore, past due on June 2d, when plaintiffs acquired the notes; and it is urged that this fact, when combined with the clause of the note just referred to, caused the notes to mature April 13th, and that they were, therefore, dishonored at the time of the indorsement. The difficulty with this contention is that the provision of the notes upon which it is based is not self-executory. It simply gave to the holder an option to declare the notes due for default in the payment of interest. There is some conflict in judicial decisions as to the effect of such a provision (Hodge Bros. v. Wallace, 129 Wis. 84, 108 N. W. 212, 116 Am. St. Rep. 938); but it was expressly ruled by the Supreme Court of the United States in the case of Chicago Railroad Equipment Co. v. Merchants' National Bank, 136 U. S. 268, 10 Sup. Ct. 999, 34 L. Ed. 349, that a similar provision did not of itself cause the notes to mature upon default in the payment of interest. See, also, Keene Five Cent. Savings Bank v. Reid, 123 Fed. 221, 224, 59 C. C. A. 225; Crissey v. Morrill, 125 Fed. 878, 884, 60 C. C. A. 460. There being no statute in the state of Minnesota, where the notes were given and payable, affecting the subject, the decision of the Supreme Court is controlling in federal courts, as the question relates to a matter of general commercial law.

An effort was also made at the trial to prove the agreement relating to the conditional delivery of the notes. Defendants, however, did not offer to prove that the plaintiffs had any notice of this agreement at the time they became indorsees of the paper, and for this reason the evidence was excluded. As between the original parties, the agreement would have constituted a valid defense. Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698. But it could not be available as against an indorsee in good faith. Signers of negotiable paper cannot place it in the hands of the payee conditionally so as to affect subsequent bona fide holders. This is now elementary law. 1 Randolph on Commercial Paper, 411; Daniel on Negotiable Instruments, § 68. The conditional agreement gave rise to a mere "equity," which was cut off by transfer of the paper to a party taking without notice. Chase National Bank v. Faurot, 149 N. Y. 532, 44 N. E. 164, 35 L. R. A. 605; Cooper v. Merchants' & Manufacturers' National Bank, 25 Ind. App. 341, 57 N. E. 569; First National Bank of Freeport v. Compo-Board Mfg. Co., 61 Minn. 274, 63 N. W. 731.

On quite elementary principles, the judgment in this case was right, and should be affirmed.