## SIOUX FALLS NAT. BANK v. KLAVENESS.

(Circuit Court of Appeals, Eighth Circuit.  March 9, 1920.)

No. 5377.

1. Evidence ☞420(7)—Parol evidence inadmissible to show condition to unconditional note.

Parol evidence is inadmissible to show that the parties to a promissory note unconditional in its terms and to renewals thereof orally agreed that the note should not be binding on the maker, if the stock for the purchase of which it was given was declared void.

2. Courts ☞372(7)—Parol evidence rule announced by federal Supreme Court controlling.

Whether parol evidence is admissible to show a condition to a note unconditional on its face, where the breach of the condition destroyed the consideration for the note, is a question of commercial law, upon which the decision of the Supreme Court is controlling in the other federal courts.

Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by the Sioux Falls National Bank against E. Klaveness. Judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Harrison L. Schmitt, of Minneapolis, Minn. (Kerr, Fowler, Schmitt & Furber, of Minneapolis, Minn., and E. E. Wagner, of Sioux City, Iowa, on the brief), for plaintiff in error.

J. P. Alexander, of Brookings, S. D. (Hall, Alexander & Purdy, of Brookings, S. D., on the brief), for defendant in error.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge.  On September 25, 1916, the defendant below, E. Klaveness, bought of M. C. Smith and E. E. Wagner 400 shares of the capital stock of the Western Syndicate Investment Company, which they caused to be transferred to him or to his control, and in payment for which he made and delivered to them a promissory note in these words:

"Minneapolis, Minn., Sept. 25, 1916.  $5,000/00.

"Nov. 1, 1916, after date (without grace), —— promise to pay to the order of M. C. Smith and E. E. Wagner, five thousand and 00/100 dollars, with interest at the rate of 8 per cent. per annum until paid.  Value received. Payable at the Northwestern National Bank of Minneapolis.

"Presentment for payment, protest and notice of dishonor waived by each maker, indorser and guarantor hereof.                    E. Klaveness."

M. C. Smith was the vice president of the Sioux Falls National Bank, a corporation, and the plaintiff below.  On one of the last days of December, 1916, at Smith's request that Klaveness give his note for the amount of this note of September 25, 1916, payable to the bank, so that Smith and Wagner could get the money from the

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

bank on the new note and prevent the appearance of their names upon it, Klaveness paid the interest on, took up, and received his note of September 25, 1916, and made his demand note, whereby he promised to pay $5,000 to the bank and delivered this note to Smith. On January 3, 1917, the bank discounted this second note at Smith's instance, and credited the proceeds thereof to Smith and Wagner, who thereafter checked out moneys from that account. About February 26, 1917, Klaveness gave another demand note for the same amount, payable to the bank, and took up and received back his first note to the bank. About the 1st of May Klaveness renewed the second note to the bank by making and delivering to them his promissory note, whereby for value received he promised to pay to the bank $5,000 and interest. While there are issues upon which the evidence in this action is conflicting, the facts which have been stated are established beyond controversy.

The bank brought this action upon the last note of Klaveness, which bears the date of May 1, 1917. He answered that the stock, for the purchase price of which he gave his note of September 25, 1916, was void and worthless; that during the negotiations before and at the time he made and delivered that note Smith and Wagner agreed with him that, if that stock should thereafter be declared void for any reason, his note should not be enforced, but should be surrendered to him, and any interest he had paid on it should be repaid to him; that the stock was adjudged void in a suit in the district court of Hennepin county on December 14, 1917; and that the bank had notice of the contract with him that his note should not be enforced if the stock was declared void when it discounted the note, and renewed that contract when it received the renewal note. In its reply the bank denied the alleged agreement that the original note should not be enforced if the stock proved void, and denied that it ever made or had notice of any agreement of that nature relative to the original note or any of the renewal notes when it took them.

At the trial the plaintiff introduced in evidence the note of the defendant, dated May 1, 1917, and rested. The defendant then introduced in evidence, over the objection of the plaintiff that it was incompetent, in that it tended to modify the terms, meaning, and effect of the promissory note of September 25, 1916, and the renewals thereof by his contemporaneous oral agreement, the testimony of the defendant, which was subsequently contradicted by Wagner, Smith, and McKinney, that when the original note was given, Wagner and Smith agreed with him that it should not be enforced, but should be surrendered if the stock in payment for which it was made should be subsequently adjudged to be void, that Smith made a like oral agreement about the first renewal note, and that McKinney, the president of the bank, made such a parol agreement about the other renewals. At the close of the trial the court instructed the jury, over the objection and exception of the plaintiff, that if they believed that the oral agreement to which Klaveness testified was made between him and Smith and Wagner, when the note of September 25, 1916, was made, and that the bank had notice of that agree-

ment when it took the renewal notes, they should return a verdict for the defendant. These rulings are assigned as error, and the first question is whether or not this oral agreement was admissible in evidence to. change and practically to annul the unconditional promise to pay the $5,000 and interest contained in the original and in all the subsequent notes.

[1] It is not denied that, if the defendant had written into the promissory note the agreement that it should not be enforced, but should be surrendered without payment in case the stock should be adjudged void, he might have proved that contract by the writing, and that if the stock had been so adjudged those facts might have constituted a valid defense to the note and to the renewals, if they had contained a like written agreement. The question presented is not whether or not such an agreement, properly evidenced, would have sustained ·the defense, but whether or not a contract not in writing, made at the time of the execution and delivery of the promissory note, was competent evidence of such an agreement, "for," said the Supreme Court in Renner v. Bank of Columbia, 9 Wheat. 581, 587 (6 L. Ed. 166), "there is no rule of law better settled, or more salutary in its application to contracts, than that which precludes the admission of parol evidence, to contradict or substantially vary the legal import of a written agreement." That rule is stated by the Supreme Court in these words:

"And when the writing itself upon its face is couched in such terms as import a complete legal obligation, without any uncertainty as to the object or extent of the engagement, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, were reduced to writing." Seitz v. Brewer's Refrigerating Co., 141 U. S. 510, 517, 12 Sup. Ct. 46, 48 (35 L. Ed. 837).

In Martin v. Cole, 104 U. S. 30, 35, 39, 26 L. Ed. 647, one Webb had made a promissory note to Martin, who had sold and indorsed it to Cole, who sued Martin on his indorsement, and Martin endeavored to prove that at the time he made his indorsement, and in consideration of what Martin had given for it, Cole orally agreed that he (Martin) was never to be called upon as the indorser or guarantor of the payment of the note, in the event that Cole failed to collect it of the maker. How similar are these facts to those of the case at bar, where the oral agreement is claimed to have been that Klaveness should never be called upon to pay his note if the stock should become worthless. But the Supreme Court held that evidence of such an oral contract was incompetent, and after reviewing many cases added:

"In view of this line of decisions, the question, as it arises in this case, cannot now be considered an open one in this court."

The rule on this subject, as stated by Judge Mitchell in Thompson v. Rowland·C. Libby, 34 Minn. 374, 377, 26 N. W. 1, from whose opinion the Supreme Court took its statement of the rule·which has been quoted from the Seitz Case, has been adopted and followed by this court. Union Selling Co. v. Jones, 128 Fed. 672, 674, 63 C. C. A. 224. Judge Mitchell said:

"The only criterion of the completeness of the written contract as a full expression of the agreement of the parties is the writing itself. If it imports on its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed. The rule forbids to add by parol where the writing is silent, as well as to vary where it speaks."

The rule of evidence here in question has been repeatedly stated in this court in these words:

"In the absence of fraud or mutual mistake, no representation, promise, or agreement made, or opinion expressed, in the previous parol negotiations, as to the terms or legal effect of the resulting written contract, can be permitted to prevail, either in law or in equity, over the plain provisions and proper interpretation of the contract." N. Y. Life Ins. Co. v. McMaster, 87 Fed. 63, 71, 30 C. C. A. 532, 540; Conn. Fire Ins. Co. v. Buchanan, 141 Fed. 877, 897, 73 C. C. A. 111, 131, 4 L. R. A. (N. S.) 758; Omaha Cooperage Co. v. Armour & Co., 170 Fed. 292, 297, 95 C. C. A. 488, 493.

Tried by the rule stated in any of the authorities which have been cited, the testimony of the parol agreement the defendant claims was made with him by Smith and Wagner in the negotiations which resulted in the giving of his promissory note of September 25, 1916, was incompetent, and should have been rejected, because that written contract expressed his clear unconditional promise to pay the $5,000 in any event, and the parol agreement he sought to prove was a contract that he would not pay it, if the capital stock for which he gave the note at some future time should be adjudged void. If that parol agreement had been valid, it would have made the unconditional promise in the written agreement conditional, and, as subsequent events proved, it would have made a valuable contract valueless.

[2] The contention of counsel for the defendant is that parol agreements modifying or annulling written contracts made at the same time are excepted from the salutary rule of evidence which has been discussed, where breaches of the parol contracts effect failures or partial failures of consideration of the written contemporaneous contracts, and they have cited authorities in support of this position, which have been carefully read and considered; but this contention presents a question of commercial law upon which the decisions of the Supreme Court are controlling in this and other national courts, and those decisions, among them Martin v. Cole, supra, conclusively negative the existence of such an exception.

The judgment below must be reversed, and the case must be remanded to the court below for a new trial; and it is so ordered.

STONE, Circuit Judge (dissenting). I am compelled to dissent for the following reasons:

I think the admissibility of evidence of the parol agreement has been ruled in favor of such admission by the Supreme Court (Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698) and by this court (Gillette v. Hodge, 170 Fed. 313, 95 C. C. A. 205), as well as by the Court of Appeals of the Fourth Circuit (Howell v. Ware, 175

Fed. 742, 99 C. C. A. 318) and by the Court of Appeals of the Sixth Circuit (Tug River C. & S. Co. v. Brigel, 86 Fed. 818, 824, 30 C. C. A. 415; Cowen v. Adams, 78 Fed. 536, 550, 24 C. C. A. 198). There was conflicting testimony upon the point of notice, and the jury found that there was notice; therefore a foundation was laid for evidence of the parol agreement.

I think the judgment should be affirmed.