## In re STAMFORD ROAD CONST. CO.
### No. 13038.

District Court, D. Connecticut.

Dec. 20, 1933.

Edwin R. Wolff, of New York City, and Louis Evans, of New Haven, Conn., for Justus J. Fennel.

Stanley & Gidley, of Buffalo, N. Y., for Lackawanna Steel Const. Corporation.

Bartle Gorman, of Utica, N. Y., for D'ioria & Bianca.

THOMAS, District Judge.

This matter is now before the court on exceptions to the master's report. The trustee has also filed a motion to confirm the report of the special master whereby there was an adjudication by him of certain liens and assignments filed by creditors of the bankrupt with the comptroller and the commissioner of highways of the state of New York against moneys due or to become due the bankrupt on the completion of a public highway known as Gabriel's Corners-Starkey, part I, county highway 1918—8399, located in the counties of Schuyler and Yates, in the state of New York, which the bankrupt had agreed to construct pursuant to a contract with that state, at certain unit prices, based on estimated quantities.

Subsequent to the time of the filing of the petition in bankruptcy herein on May 9, 1932, Clarence W. McKay was appointed ancillary receiver of the bankrupt corporation by an order entered in the Western district of New York.

On May 25, 1932, by an order entered therein, the ancillary receiver was directed to sell and assign to one Stento & Serafini, upon their undertaking to complete the said public improvement contract, and upon condition that they reassign to him the difference between the unit prices on the quantities named in the original contract and the unit prices bid by Stento & Serafini to the ancillary receiver, together with any and all interest in the retained percentages held by the state, and all right, title, and interest in a certain current estimate due the bankrupt in the sum of $1,057.95. It was further provided in said order that the said sale of the said contract to Stento & Serafini be free of any and all claims and liens, and that the proceeds of the said sale, as received by the ancillary receiver, be held by him subject to any and all liens and claims asserted against the said public improvement by creditors of the bankrupt, and to the decree of this court as to the validity, bona fides, extent, and priority of such liens and claims.

It further appears that, as a result of the said sale, the ancillary receiver received the sum of $28,705.07, subject to the liens and assignments filed by lienors or assignees with the public authorities of the state of New York.

To all intents and purposes, therefore, the moneys in the hands of the ancillary receiver arising out of the partial performance of the said public improvement contract by the bankrupt, and as a result of the sale of such contract to Stento & Serafini, must be treated and disposed of in the manner provided for by the Lien Law or the common law of the state of New York, whichever may be applicable.

652

■ On June 6, 1932, the Stamford Road Construction Company was adjudicated a bankrupt by an order of this court, made in this district, and after the election of a trustee on July 12, 1932, an order was entered on September 22, 1932, appointing Hon. John Keogh special master for the purpose of finally and conclusively adjudicating the validity, amount, and order of priority of all liens, assignments, claims, and other process filed against this and other public improvement contracts of the bankrupt, and directing that such master hear and determine the same on due notice to all persons who had filed liens, assignments, and other process against such public improvement contracts with the comptroller and commissioner of highways of the state of New York, subject to the confirmation by this court of such adjudication, and restraining all such persons from instituting and prosecuting lien foreclosure actions against the accrued fund, or fund to accrue, in the state courts. This was within the province of the court and a proper exercise of its jurisdiction. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 51 S. Ct. 270, 75 L. Ed. 645.

In due course a hearing was had upon due notice to all lienors, assignees, and other claimants against the fund in the hands of the ancillary receiver applicable to this public improvement contract, and such liens and assignments were duly adjudicated by the master, who has filed his report herein, consisting of findings of fact and conclusions of law.

The lien of Lackawanna Steel Construction Corporation and the claim of Bartle Gorman under an assignment executed by the bankrupt, against the fund, have been disallowed by the master, and exceptions thereto have been taken by them.

Lackawanna Steel Construction Corporation claims to be entitled to a lien against the fund in the hands of the ancillary receiver to the extent of $964.91.

On July 11, 1932, Lackawanna Steel Construction Corporation filed a notice of lien with the comptroller and commissioner of highways of the state of New York, purporting to be in the form required by the statute (section 12 of the Lien Law of the state of New York [Consol. Laws, c. 33]), wherein it claimed to be entitled to a lien for the said sum of $964.91.

The notice filed by such claimant contains the following statement: " * * * That the undersigned, therefore, has and claims a lien against the fund now in the hands of the State of New York accruing as specified under and by the terms of the order of the United States District Court above mentioned for the difference between the amount which the undersigned was able to close a contract with the said Stento & Serafini and the amount which the undersigned was entitled to receive under and by the terms of its contract with the said bankrupt, to wit: the sum of Nine hundred thirty-three dollars and seventy-one cents ($933.71), together with the sum of Thirty-one dollars and twenty cents ($31.-20) for the anchor bolts above mentioned, amounting in all to the sum of Nine hundred sixty-four dollars and ninety-one cents ($964.91)."

It appears from the evidence adduced before the master that the claimant had a contract with the bankrupt, dated August 19, 1931, for the fabrication of steel for certain bridges on this public improvement, for which the bankrupt had agreed to pay $47,000.45; that the said claimant fabricated the said steel bridges, but did not deliver them to the bankrupt or to this public improvement, in which they were intended to be incorporated, and that on June 23, 1932, the claimant made a new contract with Stento & Serafini, pursuant to which they agreed to pay the claimant for the same bridges in its possession, $49,-474.16; that, on the adjustment of the account between the claimant and Stento & Serafini, an allowance was made to the claimant of $3,400, which the claimant was under no legal obligation to make to Stento & Serafini, and that it received in payment from them, for the bridges which it delivered to them, the net sum of $46,074.16.

The Lackawanna Steel Construction Corporation now contends that it is entitled to a lien for the difference between the sum of $47,000.45 and the sum of $46,074.16, to wit, $926.29, and for the further sum of $31.20 for anchor bolts delivered to the bankrupt, which were incorporated in the public improvement.

Before any lien may be found in favor of the claimant, it must first be decided that a valid obligation exists on the part of the bankrupt; and, second, that the claimant is entitled to a lien for such obligation. The validity of a lien against this public improvement is determined by the Lien Law of the state of New York, and particularly by sections 5 and 12 thereof.

■ The record discloses no valid obligations on the part of the bankrupt to this lienor. Moreover, its claim to the extent of $933.71 (modified upon the hearing to the sum of

$926.21), under the notice of lien filed by it, appears to be for a loss sustained on a breach of contract by the bankrupt, for which no lien may be filed. Goldberger-Raabin, Inc., v. 74 Second Ave. Corp., 252 N. Y. 336, 340, 169 N. E. 405.

■ The sale of the fabricated steel by this claimant following its nondelivery to the bankrupt was such an act affecting title and dominion as to destroy its right to file a lien. Giant Portland Cement Co. v. State of New York, 232 N. Y. 395, 406, 134 N. E. 322.

■ With respect to the further sum of $31.-20 claimed by this claimant, the notice of lien is in all events deficient in a statement of the due date thereof required to be specifically asserted therein by the statute. Bradley & Son v. Huber Co., 146 App. Div. 630, 131 N. Y. S. 388, affirmed 210 N. Y. 627, 105 N. E. 1102; Pascual v. Greenleaf Park Land Co., 245 N. Y. 294, 157 N. E. 144; Toop v. Smith, 181 N. Y. 283, 289, 73 N. E. 1113; Mahley v. German Bank, 174 N. Y. 499, 501, 67 N. E. 117.

■ Bartle Gorman claims to be entitled to an interest in the fund to the extent of $2,-436.81 payable out of retained percentage, by virtue of an assignment in writing executed by the bankrupt, dated and filed November 2, 1931, with the comptroller and commissioner of highways of the state of New York.

The assignment provides by its terms that the bankrupt "sells, assigns, transfers and sets over unto Bartle Gorman, as attorney, of Utica, N. Y., the sum of $2,936.81/100 Dollars, to be paid as follows: $500 out of estimate No. 4; and $2,436.81/100 dollars out of retained percentages."

The fund consists of monthly estimates, the final estimate, and the retained percentages. Monthly estimates were those estimates payable during the progress of the work to the extent of 90 per centum thereof, the final estimate representing the last one of such estimates. The retained percentages constituted an accumulation of a reserve made by the state before monthly estimates were paid, and constituted a separate reserve or guaranty fund for the completion of the contract, and payable only to the contractor after the acceptance of the contract by the state. Highway Law of the state of New York (Consol. Laws, c. 25) § 130, subd. 8.

The evidence adduced before the master indicates that, out of the total sum of $28,-705.07 received by the ancillary receiver, $7,-789.76 constitutes the retained percentages.

The assignment concededly covers and was intended to secure payment to the claimant of an indebtedness other than one which arose in connection with this public improvement.

The trustee urged, and the master found, that the assignment was not founded upon a valid consideration, and therefore it was void and of no effect.

The assignee contends, on the other hand, that the assignment being under seal was presumed to be given for a valid consideration, and that when he released a levy under execution founded upon a judgment against the bankrupt, against a current estimate due the bankrupt from the state of New York, such release, of itself, was sufficient to constitute a consideration for the execution of the assignment.

While the assignment purports to be under seal, there is no express declaration in the instrument itself so declaring. Under such circumstances it cannot be regarded as a sealed instrument under the decisions of the Court of Appeals of the state of New York. Weeks v. Esler, 143 N. Y. 374, 376, 38 N. E. 377; Matter of Pirie, 198 N. Y. 209, 215, 91 N. E. 587, 19 Ann. Cas. 672. Therefore no presumption of consideration arises by virtue of the imprint of the bankrupt's corporate seal thereon. The assignment was not required to be under seal. Risley v. Phenix Bank of City of New York, 83 N. Y. 318, 329, 38 Am. Rep. 421, affirmed Phoenix Bank of New York v. Risley, 111 U. S. 125, 4 S. Ct. 322, 28 L. Ed. 374. Lien Law N. Y. §§ 15 and 16. The only other evidence in the record of consideration for the assignment, the validity of which was attacked, is the testimony adduced to the effect that the assignment was given for the release of a levy, which of itself was invalid under the Lien Law of the state of New York. Herrmann & Grace v. City of New York, 130 App. Div. 531, 114 N. Y. S. 1107, affirmed 199 N. Y. 600, 93 N. E. 376, Edison Electric Illuminating Co. v. Horace E. Frick Co., 221 N. Y. 1, 116 N. E. 369, L. R. A. 1917F, 1123. The fund, if amenable to a levy under a writ of attachment or execution at all, was not subject thereto, at least, until the time had elapsed for the filing of liens under the Lien Law of the state of New York. Any estimate payable by the state was merely a debt due from the state to the contractor, or a chose in action. Choses in action in the state of New York have never been the subject of a levy under execution. Baker v. Kenworthy, 41 N. Y. 215, 216; Duffy v. Dawson, 2 Misc. 401, 405, 21 N. Y. S. 978.

The so-called levy was apparently made, according to the record in evidence, October 14, 1931, whereas the public improvement was completed and accepted by the state on January 11, 1933.

In the absence of proof of a valid consideration for the assignment and the evidence to the contrary, it was of no force and effect. Wilbur v. Warren, 104 N. Y. 192, 196, 10 N. E. 263; Alger v. Scott, 54 N. Y. 14, 15; Shaw v. Tonns, 20 App. Div. 39, 46 N. Y. S. 545.

This assignee presumes to attack assignments in favor of other creditors. A discussion thereof becomes unnecessary, however, since a creditor holding an invalid assignment is in no position to attack assignments in favor of other creditors. Hitchings v. City of New York, 182 App. Div. 28, 169 N. Y. S. 611.

Exceptions overruled, and master's report confirmed. Submit order accordingly, properly consented to as to form.