In the Matter of the Application of JOHN T. PIRIE, a Creditor of the Estate of ADELE M. DOWNING, Deceased.

JOHN T. PIRIE et al., Appellants; RAPHAEL KRASNOW, Respondent.

Bills, notes and checks — the mere attachment of a seal to a promissory note does not make it a sealed instrument — when the six years' Statute of Limitations applies thereto.

The mere attaching of a seal after the signature upon a promissory note does not raise a presumption that the note is a sealed instrument unless there be a recognition of the seal in the body of the instrument by some such phrase as "witness my hand and seal" or "signed and sealed."

*Semble*, a mortgage given to secure two notes of equal amount, one payable in six months and the other in eighteen months, executed and acknowledged as required by law and duly recorded, is entitled to be received in evidence without further proof and, being acknowledged, is an admission of the making of notes corresponding in date,-names and amounts with those named in the mortgage and, hence, is *prima facie* evidence, to that extent, of the notes secured thereby. This is not sufficient, however, to permit one of these notes, claimed to be unpaid, to be received in evidence without other proof of its identity. The burden of proof rests upon the party offering it and he must supply further evidence showing that it is the genuine paper described in the mortgage.

In a proceeding for a decree directing the sale of decedent's real estate for the payment of her debts, the claim was based upon a promissory note secured by a second mortgage upon other real estate of decedent upon which it had ceased to be a lien by reason of the foreclosure of a first mortgage without bringing sufficient to pay the amount secured thereby. The note, which became due and payable in 1893, is in the ordinary form of a promissory note for value received, bearing the signature of the decedent and after the signature a seal, with nothing in the body of the note or signature to indicate that it was intended to be a sealed instrument. The petition for sale of the real estate, which was made in 1907, alleges that the claim was for the principal of the note with interest from 1896. There is uncontradicted evidence that no principal or interest has been paid upon the note since its maturity. *Held*, that the seal attached to the note should be treated as surplusage, that the six years' Statute of Limitations applies, and that the proceedings should be dismissed.

*Matter of Pirie*, 133 App. Div. 431, affirmed.

(Submitted March 14, 1910; decided April 5, 1910.)

14

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 22, 1909, which reversed a decree of the Kings County Surrogate's Court directing the sale of real property for the payment of the debts of a decedent.

The facts, so far as material, are stated in the opinion.

*Charles I. Wood* for appellants. The petition states facts sufficient to authorize a sale under title 5 of chapter 18 of the Code of Civil Procedure. (*Matter of German Bank*, 39 Hun, 181; *Matter of Williams Estate*, 1 Misc. Rep. 35.) The claim of John T. Pirie is such a claim as real property may be sold for in this proceeding. (*Kursheedt* v. *U. D. S. Inst.*, 118 N. Y. 358.) The claim of John T. Pirie was properly proved. (*Tooley* v. *Bacon*, 70 N. Y. 34; *A. P. Co.* v. *Gardner*, 39 App. Div. 654; *Mackinstry* v. *Smith*, 16 Misc. Rep. 351; *Jackson* v. *Willard*, 4 Johns. 40; *Cooper* v. *Newland*, 17 Abb. Pr. 342; *Bloomingdale* v. *Bowman*, 21 N. Y. S. R. 247; *Manne* v. *Carlson*, 49 App. Div. 276; *Merritt* v. *Bartholick*, 36 N. Y. 44; *Smith* v. *Thompson*, 118 App. Div. 6; *Bennett* v. *Edgar*, 46 Misc. Rep. 231.)

*Charles C. Suffren* for respondent. The petition does not state facts sufficient to confer jurisdiction or to permit the court to render a decree, and should have been dismissed on motion. (*Mead* v. *Sherwood*, 4 Redf. 352; *Matter of German Bank*, 39 Hun, 181; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 N. Y. 328.) Real property may not be sold in this proceeding for such a claim, and it was error to refuse to so find. (Code Civ. Pro. § 2750; *Baker* v. *Kingsland*, 10 Paige, 366; *Lanby* v. *Gill*, 42 Misc. Rep. 334.) The claim was not proved and it was error to allow it. (*Palmer* v. *Manning*, 4 Den. 131; *Shaver* v. *Ehle*, 16 Johns. 201; *Bardin* v. *Stevenson*, 75 N. Y. 164; *People* v. *Corey*, 148 N. Y. 476; *Bergen* v. *Urbahn*, 83 N. Y. 49.) The Statute of Limitations had run against the claim, and it was error to refuse to so find. (Code Civ. Pro. § 382.)

HAIGHT, J.   Adele M. Downing died in Kings county on September 29th, 1905, seized in fee of the premises described in the decree, leaving a last will and testament, by which she devised such premises to one Elizabeth A. Downing, her daughter-in-law, whom she appointed sole executrix under her will.   It further appears that Elizabeth A. Downing conveyed the land in question to one Raphael Krasnow on the 16th day of December, 1905, and subsequently and within three years of the testatrix's death, John T. Pirie petitioned the surrogate for a sale of such real estate for the payment of debts, alleging in his petition "that the unpaid debts of the decedent and the name of each creditor or person claiming to be a creditor are as follows:

"Susan Wright, Glen Cove, Nassau Co., N. Y., $893.90, and interest from Nov. 8, 1899.

"John T. Pirie, Sea Cliff, Nassau Co., N. Y., $325.00, and interest from Dec. 17, 1896."

Separate answers were interposed by Elizabeth A. Downing and Raphael Krasnow, the purchaser, putting in issue the claim of the petitioner as a creditor and alleging that it did not accrue within six years before the commencement of the proceeding.   At the conclusion of the trial before the surrogate of the issues raised, the respondent Krasnow moved to dismiss the proceeding as to the petitioner's claim upon the ground that it had been affirmatively shown that the Statute of Limitations had run against the claim, and upon the further ground that the facts alleged in the petition had not been proven.   The motion was denied and an exception taken. At the commencement of the trial Krasnow also moved to dismiss the petitioner's claim on the ground that, on the face of the petition, the Statute of Limitations had run against it. This was also denied.

The Appellate Division appears to have entertained the view that the Surrogate's Court did not obtain jurisdition of the proceeding for the reason that the facts alleged in the petition were not sufficient to establish the existence of a debt so far as the petitioner's claim was concerned.   With refer-

ence to this contention we have already quoted the language
of the petition, in which the claim is set forth. It is quite
true that the facts out of which the claim arises are not set
forth. It is merely stated that the decedent was indebted to
the petitioner in the sum of $325 and interest from December
17, 1896. No application appears to have been made to have
the claim made more specific or the facts given out of which
it arose, nor was the attention of the surrogate called thereto.
The motion made at the opening of the trial to dismiss on
the ground that it appeared upon the face of the petition that
the Statute of Limitations had run certainly did not raise the
question. Neither does the motion at the end of the trial, to
the effect that it has affirmatively been shown that the Statute
of Limitations has run against the claim. These motions had
reference to the Statute of Limitations and not to the suffi-
ciency of the allegation. The only other motion appearing at
the close of the trial was to the effect "that the petition does not
state facts enough to make a case for the sale of real property
under the law proceeded under by the petitioner," but this
motion was very general. The inference to be drawn from
it was that the petitioner had a claim but not such a claim as
would authorize the sale of real property to pay it. It does
not call attention to the defect now relied upon. We, there-
fore, conclude with reference to this contention that the
reversal could not properly have been based upon the
insufficiency of this allegation of the petition.

The petitioner offered in evidence a mortgage executed by
the decedent to one Eliza J. McCormack and an assignment
thereof to the petitioner, which mortgage was recorded in
Queens county clerk's office February 9, 1892, in liber 598 of
Mortgages, dated February 1, 1892, for $1,000 given to secure
two notes of $500 each made by the decedent to the mortgagee
McCormack, one payable in six months and the other in
eighteen months from date, with interest. This was received
in evidence, and thereupon a note in every respect correspond-
ing with date and amount of the second note described in the
mortgage, payable in eighteen months, was produced by the

petitioner and offered in evidence. An objection was interposed by Krasnow that it was immaterial, irrelevant and incompetent, and on behalf of Dowling that it had not been sufficiently proven. The objections were overruled and the note was received in evidence, to which exceptions were taken. The note and the mortgage were parts of a single transaction, one specifically pertaining to the primary obligation and the other collateral thereto. (*Kay* v. *Whittaker*, 44 N. Y. 565, 571.) The collateral lien of the mortgage could have no legal existence when separated from the note and transferred to others than the holder of the note, but so long as the two remain together, owned and possessed by the same person, they operate together and are obligations for the payment of the same indebtedness. (*Bergen* v. *Urbahn*, 83 N. Y. 49.) The mortgage, as we have seen, was executed by the decedent February 1st, 1892, acknowledged February 6, 1892, and recorded February 9, 1892, in the office of the clerk of Queens county. It, therefore, was an instrument that was entitled to be received in evidence without further proof. The acknowledgment of the mortgage, of necessity, embraced an acknowledgment of the matters therein stated, including that of its being a collateral security for the payment of the note described. It is thus an admission of the making of a note corresponding in date, names and amount with that recited in the mortgage, and is *prima facie* evidence to that extent of the note secured thereby. But this is not sufficient to permit the note to be received in evidence, or judgment entered thereon. The mortgage merely establishes that there was such a note outstanding. It does not identify the paper offered as the genuine note or that it was not forged or spurious, and, inasmuch as the burden rests upon the party offering it, it becomes necessary that he supply further evidence showing that it is the genuine paper described in the mortgage.

In the case of *Palmer* v. *Manning* (4 Denio, 131) evidence was given by the agent of the plaintiff to the effect that he called upon the defendant with the alleged note in his pocket and told the defendant that he had a note of his, giving the

amount, etc., which he wanted paid. He did not, however, show the defendant the note. The defendant said that he had given such a note and would pay it if he could be indulged for a time. Jewett, J., held that the execution of the note by the defendant, upon which the plaintiff recovered, was not proved. He says: " It is claimed to have been proved by the defendant's admission made to the witness Paul. Conceding that this admission sufficiently established that there was a genuine note in existence, executed by the defendant, payable to *bearer*, * * * belonging to the plaintiff, *non constat*, but that the note produced on the trial was spurious; and if so, a recovery on it would not avail the defendant in a suit on the true note. The identity of the note to which the confession of the defendant related is not proved; the evidence does not tend to show that the defendant admitted that he executed the note produced on the trial. Evidence that the defendant had executed *a* note answering the description of the note produced, without other proof of identity, is not sufficient to submit to a jury to pass upon the question whether the defendant executed the note produced." To the same effect are the cases of *Shaver* v. *Ehle* (16 Johns. 201); *Minard* v. *Mead* (7 Wend. 68); *Jackson* v. *Sackett* (7 Wend. 94); *Bardin* v. *Stevenson* (75 N. Y. 164, 168), and *People* v. *Corey* (148 N. Y. 476, 486.)

The difficulty, however, is that Krasnow did not object on the ground that the note had not been proved. It was Downing who so objected, but she has not appealed.

There is, however, another question presented which, we think, disposes of this case. The mortgage above alluded to was a second mortgage and was a lien upon real estate other than that described in the petition herein. The first mortgage had been foreclosed and the premises sold, without bringing sufficient to pay the first mortgage lien. The second mortgage, therefore, was cut off and ceased to be a lien upon any property of the mortgagor. The note in question, however, remains; it is in the ordinary form of a promissory note for value received, bearing the name of Adele M. Downing and after the signature a seal. There is nothing in the body

of the note or of the signing of it which indicates that it was intended to be a sealed instrument. ( Ordinarily a seal affixed to a paper in the form of a promissory note changes it into a sealed instrument, which, under the Statute of Limitations, may run for twenty years; but the mere attaching of a seal after the signature does not raise a presumption that the note is a sealed instrument, unless there be a recognition of the seal in the body of the instrument, by some such phrase as " witness my hand and seal" or " signed and sealed." The reason for this is that the mere attaching of a seal after a signature without any recognition of it in the body of the note or in connection with the signing, in the absence of evidence showing the time when, and the person by whom, the seal was affixed, would open the door to frauds and forgeries and enable evil-disposed persons to prevent the running of the six years' Statute of Limitations, by merely attaching at the end of the note a seal.    Under such circumstances a seal is regarded merely as surplusage and the character of the note is not changed.

In *Weeks* v. *Esler* (143 N. Y. 374) GRAY, J., in speaking for the court, says: " We agree with the learned justices below that, in the absence of any recital that the seal of the corporation was affixed and of any evidence to show the fact of sealing, or that the corporate seal was impressed, or that it was, in fact, the corporate seal which thus appeared, these notes could not be regarded as sealed instruments."    (p. 376.)

In *Taylor* v. *Glaser* (2 Sergeant & Rawle, 502), TILLINGHAM, Ch. J., says: " I agree that, under these circumstances, the writing could not be taken for a specialty, because there was neither mention of sealing and delivery, nor evidence of it.    But I cannot agree that if the witness had been living, he might not have proved the sealing and delivery."

In *Smith* v. *Henning* (10 W. Va. 596, 631), HAYMOND, J., says: " To constitute a sealed instrument, there must be a seal or scroll affixed, and some recognition of it in the instrument, or some evidence of it *aliunde;* but it can never be maintained that such evidence, whether by the proof of wit-

nesses or acknowledgment of the party, will not supply the place of such recognition. Thus, suppose he says at the time, ' I affix this scroll as my seal' or within the scroll he writes the word ' seal' and delivers it as his deed ; I am at a loss to conceive how any court or jury, could resist the conclusion that it was a sealed instrument." (Negotiable Instruments Law, § 25.)

In the case under consideration it appears that the note was signed February 1, 1892, and was payable in eighteen months after date. The note, therefore, became due and payable in 1893. The mortgage and note accompanying the same were assigned to the petitioner December 17, 1896, in consideration of $320. The petitioner filed his petition October 14, 1907, and in it alleged that his claim was for $325, with interest from the date of the assignment. His secretary, however, testified that he had had charge of the petitioner's property and personal affairs for over twenty years, and that no interest had been paid upon the note since its maturity ; that the payments on account were made before it became due in 1893. In submitting the case to the surrogate, Krasnow requested the surrogate to find that no interest had been paid on the note since 1893, and that no payment on account of the note had been made since that date, and as conclusion of law that the Statute of Limitations had run against the claim of the petitioner. These requests were refused and exceptions were taken thereto. Our conclusion with reference thereto is that the seal attached to this note is to be treated as surplusage, that the six years' Statute of Limitations applied, and that the surrogate should have found as requested, that this note was now barred by the Statute of Limitations. (*Hulbert* v. *Clark*, 128 N. Y. 295.)

The order of the Appellate Division reversing the decree of the surrogate should, therefore, be affirmed, with costs.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT and CHASE, JJ., concur ; HISCOCK, J., concurs on last ground stated in opinion ; VANN, J., dissents.

Order affirmed.