DREXLER-ROCHESTER PROPERTIES, INC., Respondent, *v.* NICHOLAS PARIS and Others, Appellants.

Fourth Department, October 11, 1932.

*George E. Palmer,* for the appellants.

*Frederick Wiedman,* for the respondent.

THOMPSON, J. Defendant Nicholas Paris signed an exchange offer of certain real estate and mortgages, and delivered it to plaintiff. Opposite his signature there appears the letters " L. S." in brackets. Plaintiff thereafter executed a conditional acceptance of the offer which was signed with its corporate name, followed by the name, word and letters as follows: " Meyer Drexler, Pres. (L. S.)." At the foot of the acceptance there appear the words " Accepted by " followed by the signature " N. Paris," without a seal or character indicating a seal. Plaintiff has sued Paris and defendants Peter K. Katsampes and ·Peter A. Katsampes, and alleges that these papers make an agreement between plaintiff and defendants Paris and the Katsampes; said Paris acting on behalf of himself and as agent for the Katsampes. Shortly after the service

of the summons and complaint, plaintiff served a notice on defend-ants to take their testimony by deposition. Thereupon defendants moved to vacate or modify the notice, and the court made an order denying the motion in all respects and directing the defendants to appear for examination in pursuance of the notice. Upon appeal to this court we reversed this order and vacated the order upon the ground that the Katsampes were not bound by the agreement, it being a contract under seal and they not having signed it, upon the authority of *Crowley* v. *Lewis* (239 N. Y. 264). (235 App. Div. 892.) Thereafter upon respondent's motion a reargument was ordered (236 App. Div. 715) in order that the court might re-examine the question as to whether or not the contract was in fact under seal. The exchange offer fails to contain a recital to the effect that the instrument was intended to be under seal. The same is true of the acceptance which also omits a recital to the effect that the seal employed was, or was affixed as, the seal of the corporation. The use of the letters " L. S." appearing after the signature of a party to an instrument not required by law to be under seal is not alone suffi-cient to constitute the instrument subscribed a sealed instrument. Such a seal does not raise a presumption that the document is a sealed instrument, unless there be a recognition of it in the body of the instrument by some such phrase as " witness my hand and seal " or " signed and sealed." (*Matter of Pirie*, 198 N. Y. 209, 215.) The rule is in substance the same in cases of corporate seals. If there be an absence of a recital that the seal of the corporation was affixed and of any evidence to show the fact of sealing, or that the corporate seal was impressed, or that it was, in fact, the cor-porate seal which thus appeared, a presumption arises that the instruments were not uttered by the corporation as its sealed obligations. (*Weeks* v. *Esler*, 143 N. Y. 374, 376; Gen. Const. Law, § 44; *Empire Trust Co.* v. *Heinze*, 242 N. Y. 475, 479; *Matter of Pirie, supra; Brooklyn Public Library* v. *City of New York*, 222 App. Div. 422, 434; affd., 250 N. Y. 495.) In such cases the character of the document executed becomes a question of fact. So if it be claimed that a party adopted the seal of another, or that a corporation adopted a seal " convenient for the particular occasion," these also are questions of fact. (*Rusling* v. *Union Pipe & Construction Co.*, 5 App. Div. 448, 449; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35.)

It is apparent that this contract composed as it is of the exchange offer, a conditional acceptance and an acceptance of the condition, on its face alone, is a simple contract and not a sealed instrument. If defendants Katsampes would escape liability under it by establish-ing that it is an instrument under seal, the burden rests upon

them to prove it as matter of defense. In these circumstances we think the plaintiff should be permitted to proceed with his examination of the defendants in accordance with the notice.

The order should be affirmed, with ten dollars costs and disbursements.

All concur.

On reargument, order affirmed, with ten dollars costs and disbursements.