ADELE M. O'KEEFE, Respondent, v. MARTHA R. FRENCH, Appellant.*

First Department, December 15, 1933.

Joseph Rosenzweig of counsel [Louis E. Schwartz with him on the brief; Saul Bergman, attorney], for the appellant.

Richard J. Mackey of counsel [Mackey, Herrlich, Vatner & Breen, attorneys], for the respondent.

* Leave to appeal denied, 264 N. Y. ——.

MERRELL, J.   The only question involved is whether plaintiff's action, brought on May 26, 1933, upon three negotiable promissory notes, was barred by the Statute of Limitations.   Each note bears date May 25, 1925.   They were respectively made payable in one, two and three years from their date, each note providing for the payment by the maker, Martha R. French, to the Real Estate Holding Corporation, of the sum of $349.40, besides interest at seven per cent from the date of each of said notes.   The plaintiff received the notes in suit by assignments from the payee of the notes.   Both plaintiff and defendant are residents of the State of New York.   Photostatic copies of the notes in suit appear in the papers on appeal.   Each of the notes had printed thereon, before it was made by the defendant, the word " Seal."   The proofs offered upon the motion indicate that under the law of the State of Florida, where the notes in suit were executed, the notes, bearing the word " Seal " immediately following the signature of the maker in each case, were specialties, and that the Statute of Limitations did not commence to run until twenty years from maturity of each note.   This was shown from an affidavit of an attorney of the State of Florida by the name of Warden, who states that under the law of Florida the instruments would be considered as sealed instruments so far as the Statute of Limitations was concerned, and that action thereon would not be barred for a period of twenty years.   This also appears to be the holding of the Florida court in *Langley* v. *Owens* (52 Fla. 302; 42 So. 457).

The appellant contends that, with regard to the question as to whether or not the instruments themselves were sealed instruments, the law of New York, where the action was brought, is controlling. The appellant relies largely upon the case of *Matter of Pirie* (198 N. Y. 209), wherein Judge HAIGHT, writing for the Court of Appeals, held that the mere attaching of a seal after signature does not raise a presumption that the note is a sealed instrument in the absence of a recognition of the seal in the body of the instrument. However, in the case at bar the word " Seal " was not placed upon the instrument after signature.   It was upon each of the instruments at the time it was signed by the maker.   Assuming that the contention of the appellant is correct, that the *lex fori* should prevail and not the law of the State where the contract was made, we think the whole question upon this appeal is settled by the provisions of section 44 of the General Construction Law of this State. That section provides as follows:

" § 44. Seal, private.   The private seal of a person, other than a corporation, to any instrument or writing shall consist of a wafer, wax or other similar adhesive substance affixed thereto, or of paper

or other similar substance affixed thereto, by mucilage or other adhesive substance, or of the word ' seal,' or the letters ' L. S.' opposite the signature."

Therefore, the appearance of the word " Seal " after the signatures on the notes in suit was sufficient to constitute each note a specialty, and, therefore, the twenty-year Statute of Limitations applies. Prior to the enactment of section 44 the letters " L. S." were insufficient to make an instrument a sealed instrument. We are of the opinion, therefore, that section 44 is a complete answer to the contention of the appellant, and that, even under the laws of the State of New York, the instruments in question were sealed instruments.

The order appealed from should be affirmed, with twenty dollars costs and disbursements to plaintiff, respondent, against defendant, appellant, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order affirmed, with twenty dollars costs and disbursements, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.