CORAL GABLES, INCORPORATED, A CORPORATION OF FLORIDA, PLAINTIFF-APPELLANT, v. SALLIE KRET-SCHMER, DEFENDANT-RESPONDENT.

Submitted February 14, 1936—Decided May 14, 1936.

For the plaintiff-appellant, *Louis Rotberg*.

For the defendant-respondent, *Egner & Beatty*.

The opinion of the court was delivered by

WELLS, J. This is an appeal from a judgment of nonsuit entered in the Essex County Circuit Court against the plaintiff-appellant.

The plaintiff brought suit upon a promissory note made by the defendant. The note was executed, delivered and payable in installments in the State of Florida and bore the date "March 10, 1925." The last interest payment was on "8/10/26" and unless it was a sealed instrument, action upon it would be barred under the statute of limitations of the State of Florida, as well as the State of New Jersey. The plaintiff claimed, however, that under the Florida statute, the note was effective as a sealed instrument by reason of the appearance of the printed word "(SEAL)" after the name of the maker.

At the trial the plaintiff offered in evidence the note and certified copy of several Florida statutes. The pertinent sections of these statutes read as follows: "A scrawl or scroll, printed or written, affixed as a seal to any written instrument shall be as effectual as a seal." *Acts of* 1893, chapter 4148, section 1.

"All written instruments heretofore or hereafter made with a scrawl or scroll, printed or written, affixed as a seal are declared to be sealed instruments, and shall be construed and received in evidence as such in all courts of this state." *Id.* section 2.

In granting the motion for a nonsuit the trial court cited *Jacksonville, Mayport, Pablo Railway and Navigation Co.* v. *Hooper,* 160 *U. S.* 514; 16 *S. Ct.* 379; 40 *L. Ed.* 515, to the effect that whether an instrument is under seal or not, is a question for the court upon inspection; that whether a mark or character shall be held to be a seal depends upon the intention of the executant as shown by the paper; and that it is as essential that the seal be the maker's as it is essential that

the signature be his. And the trial court found that there was nothing in or on the instrument, such as "signed and sealed," or "witness my hand and seal," which would in any way indicate on inspection that the maker thereof affixed her seal, or personally adopted the seal.

We might well have rested our judgment of affirmance upon the conclusions of the learned trial court were it not for the fact that the plaintiff in its brief before this court quotes citations from three cases decided by the courts of the State of Florida, to wit, *Comerford* v. *Cobb, 2 Fla.* 418; *Langley* v. *Owens, 42 So. Rep.* 457, 459; *Grand Lodge, Knights of Pythias of Florida* v. *The State Bank of Florida, 84 Id.* 528, and argues that these cases construe the Florida statutes which had been introduced in evidence at the trial, to mean that the mere presence of the printed word "(SEAL)" after the name of the maker of a promissory note is sufficient to constitute it a sealed instrument, regardless of the absence of any evidence, such as a recital of sealing in the instrument itself to show that this was the act of the maker.

These decisions, however, were not introduced as evidence before the trial court and we need not consider them here. *Title Guarantee and Trust Co.* v. *Trenton Potteries Co., 56 N. J. Eq.* 441; *Brown* v. *Perry, 104 Vt.* 66; *156 Atl. Rep.* 910.

The plaintiff could have introduced these decisions as evidence of the proper construction of the Florida statutes, either by offering the "usual printed books of such reports" (*2 Comp. Stat., p.* 2229, § 26), or by the testimony, written or oral, of expert witnesses. *Title Guarantee and Trust Co.* v. *Trenton Potteries Co., supra; O'Keefe* v. *French, 268 N. Y. S.* 102; *239 App. Div.* 498.

But no proof of any kind was offered in the instant case as to the construction of the Florida statutes. What the law of a sister state is, at a given time, is a question of fact, which must be ascertained by the testimony of properly qualified opinion witnesses and is like any other question of fact, one for the determination of the jury. *Fithian* v. *Pennsylvania Railroad Co., 91 N. J. L.* 275; *Robins* v. *Mack International, &c., 113 Id.* 377 (at *p.* 387).

As Chief Justice Gummere pointed out in *Title Guarantee Trust Co.* v. *Trenton Potteries Co., supra:* "In order to know what the law of a foreign state is on a given subject, we need something more than the production of the statute, for that only gives the words in which the law is written. The question to be determined is not what the language of the law is, but what the law is altogether, as shown by exposition, interpretation, and adjudication, and this I take it can only be ascertained by the testimony of a professional witness whose special knowledge enables him to speak as to that fact."

In view of the permissive rather than mandatory language of section 26 of our Evidence act (2 *Comp. Stat., p.* 2229), allowing the courts of our state to take judicial notice of the decisions of the courts of other states as evidenced by the printed reports of their decisions, it cannot be said that a principle contrary to the above enunciation by Chief Justice Gummere has been established by our legislature.

Normally, in the absence of any evidence as to the foreign law, it is presumed that the common law principles exist in that state. *Waln* v. *Waln*, 53 *N. J. L.* 429. "By common law a seal must be either wax or wafer or some glutinous substance" (*Force* v. *Craig*, 7 *Id.* 272) "or something in the nature of wax" (*Hopewell* v. *Amwell*, 6 *Id.* 169), "or something susceptible of receiving an impression." *Perrine* v. *Cheeseman*, 11 *Id.* 174.

A reading of the Florida statute offered in evidence, however, seems to indicate that some of the common law requisites of a seal have been modified or abolished in the State of Florida. Plaintiff says that the New Jersey and Florida statutes pertaining to sealed instruments are similar. Assuming, without deciding, this to be true, we cannot see how, under the construction placed by our courts upon our statutes, any benefit can enure to the plaintiff in its contention that the instrument in question is a sealed instrument.

Our present statute (3 *Comp. Stat., p.* 3776) is for all present intents and purposes similar to the statute as reported in *Rev. Laws* 305, § 1, and in construing the latter, Chief Justice Hornblower in *Corlies* v. *VanNote, Adm'r, &c.,* 16

*N. J. L.* 324, said: "A seal, according to Lord Coke (3 *Inst.* 169), is wax with an impression. By our statute (*Rev. Laws* 305) 'a scroll, or ink or other device,' in certain cases, are made of the same force, as a wax seal, if the same has been affixed, 'by way of seal.' If then an instrument is shewn to us, with a seal in fact, that is, with wafer, or wax affixed to it, the law pronounces it, a deed, and that, whether anything is said in the instrument about a seal or not. It is pronounced, a deed, because it has an actual seal on it. But when a writing is shewn to us, with only a scroll or the flourish of a pen at the end of or under the name, we cannot declare it a deed, unless it appears to the court, that the scroll or flourish, was designed for and put there 'by way of seal.' When therefore, a writing with nothing but a blot, or scroll, or flourish after the name, is shewn in court, we are bound to consider and treat it, as a simple contract only, unless it appears by the writing itself or by the *hiis testibus* clause, that the party making it, intended to do so under his hand and seal. By such a course we shall give full effect to the statute, without impairing and distracting the law of deeds. And we shall avoid the dangers, so justly apprehended by this court, in *Newbold* v. *Lamb,* 2 *So. Rep.* 449, and by the Supreme Court of Appeals of Virginia, in 1 *Munf. R.* 487, of converting a simple into a special contract, by the unauthorized or accidental addition of a scroll or flourish to the signature."

It will be noted that the Florida statutes require the scrawl or scroll, printed or written, to be "affixed as a seal" in order to be effectual as a seal.

Mr. Justice Ford in *Corlies* v. *VanNote, Adm'r, &c., supra,* concurring with Chief Justice Hornblower, said: "The only way to 'affix a scroll, or ink, or other device, by way of seal' is by writing 'witness my hand and seal' or 'sealed and delivered,' or something to that effect in the instrument itself, which then becomes a deed in writing, instead of being by word of mouth. It then becomes on its face a deed, in writing, of which there can be a profert, and of which the court can form an opinion by inspection, according to the prin-

ciples of law  *  *  *.  Whether it be a deed or not is certainly a question of law, to be settled by the court, and they could decide it only by seeing the instrument." See, also, 1 *Williston on Contracts,* § 209 and 2 *Page on Contracts,* § 1161; 56 *C. J.* 894; 24 *R. C. L.* 693.

Therefore, in the absence of any evidence to the contrary, the trial judge, in construing the Florida statute in the light of the common law, did not err in holding that a promissory note, on whose face there appeared nothing but the printed word "(SEAL)" opposite the signer's name, was not effective as a sealed instrument.

We believe the construction which Chief Justice Hornblower has put upon our statute and which the trial judge in the instant case has put upon the Florida statute to be not only sound in law, but sound in principle. Considering the great effect which seals have upon the running of the statute of limitations, it is only proper that some recognition of the act of sealing be shown by the signer. *Newbold* v. *Lamb, supra.* "The reason for this is that the mere attaching of a seal after a signature, without any recognition of it in the body of the note or in connection with the signing, in the absence of evidence showing the time when, and the person by whom the seal was affixed, would open the door to frauds and forgeries and enable evil disposed persons to prevent the running of the six year statute of limitations, by merely attaching at the end of the note a seal." *In re Pirie,* 198 *N. Y.* 209; 91 *N. E. Rep.* 587.

Since our statute bars any recovery upon an unsealed obligation after six years (3 *Comp. Stat., p.* 3162) (and the Florida statute after five years), we hold that the trial judge did not err in granting a nonsuit to the defendant.

The judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ.  9.

*For reversal*—LLOYD, DONGES, HEHER, PERSKIE, HETFIELD, JJ.  5.