## SOPHIE NIX, Plaintiff, *v.* NORBERT S. LOW, Also Known as NATHAN S. LOW, Defendant.

City Court of New York, Special Term, Bronx County, December 6, 1937.

*Samuel A. Zucker*, for the plaintiff.

*I. Bernard Halpern*, for the defendant.

EVANS, J.   There is no rule of law that compels some classes of instruments to be sealed and others not.   There are some classes of obligations that customarily bear a seal.   But mere custom will not put a seal on instruments where no seal is to be found.   Even a promissory note may have a seal, if the maker so intends and impresses it.   The presence of a seal, without recitation in the body of the instrument that a seal was intended, will not close the door to proof, by parol, that, in fact, no seal was intended nor affixed.   Some cases hold that the presence of a seal, without some expression in the body of the instrument that it is intended to be a sealed instrument, is mere surplusage, without some proof,

outside the instrument, that it was in fact intended to be a sealed instrument (*Matter of Pirie*, 198 N. Y. 209; *Drexler-Rochester Properties, Inc., v. Paris*, 236 App. Div. 409), and, conversely, if the body of the instrument recites it to be under seal, and no seal is attached, the instrument is not necessarily under seal. (*Empire Trust Co. v. Heinze*, 242 N. Y. 475.) In instruments of this sort it must be shown as a fact that there was intention to make the instrument one under seal.

Here we have the original agreement under seal, and the second instrument, modifying the original, questionable as to whether it is under seal or not. The fact that the original is under seal cannot logically of itself determine that the intention was to make the second instrument also one under seal. That is not changed by section 342 of the Civil Practice Act. That section provides that a sealed instrument may be changed, modified or discharged by another writing, which does not have to be under seal. It also provides that, if so changed, modified or discharged by a writing not under seal, the *original instrument* shall continue to be construed as one under seal. But section 342 of the Civil Practice Act does not require the second instrument, if not under seal, to be construed as a sealed instrument just because the original is under seal.

The instrument sued upon at bar bears the customary " (L. S.) " after the signature, but nowhere in the body of the instrument is an intention to seal it expressed. It extends the time of payment of a mortgage debt, expressed in a sealed instrument, dated February 5, 1907, to February 5, 1927. If the instrument sued upon is not under seal, then defendant has a good defense in the six-year Statute of Limitations. Otherwise there is no defense to the action.

In the original complaint the plaintiff did not plead upon a sealed instrument. In the amended complaint there is a claim that the instrument is sealed. The answer to the amended complaint failed to deny that the instrument was under seal and failed to plead the six-year Statute of Limitations. Now upon the motion for summary judgment, the defendant by affidavit raises the question and asks leave to serve an amended answer in that regard.

On a motion for summary judgment the decision must be based upon the facts and not upon the pleadings. If the facts develop a defense, summary judgment would not be justified, even though the pleading requires amendment to allow the defense.

It is obvious that plaintiff is not entitled to recover if the instrument be without seal. It presents a question of fact which defendant ought to be allowed to submit. Accordingly, the defendant is given leave to serve an amended answer within three days, upon payment of ten dollars costs, and the motion for summary judgment denied, with leave to renew after service of the amended answer.