TRANSBEL INVESTMENT Co., INC., Respondent, v. JEAN G. VENETOS, Appellant.— The action is upon a note signed by defendant in this city in 1925 and forwarded by mail to plaintiff's assignor, A. J. Richey, the payee, who was in Florida. Opposite the defendant's signature, an inch or more distant therefrom, the word "Seal" appears in parentheses. This word was printed on the note prior to the time defendant signed it. Defendant has moved to dismiss the complaint under rule 107, subdivision 6, of the Rules of Civil Practice, on the ground that the action is barred by the six-year Statute of Limitations because the note is not a sealed instrument. The Special Term denied the motion. In our opinion the mere use of the word "Seal" or other appropriate sign as prescribed by the General Construction Law (§ 44), in the absence of any provision in the note or of other proof indicating an intention to adopt the seal and to make the note a sealed instrument, is insufficient to make it such. (*Cochran* v. *Taylor*, 273 N. Y. 172; *Empire Trust Co.* v. *Heinze*, 242 id. 475; *Matter of Pirie*, 198 id. 209; *Weeks* v. *Esler*, 143 id. 374; *Drexler-Rochester Properties, Inc.*, v. *Paris*, 236 App. Div. 409; *Nix* v. *Low*, 165 Misc. 484; *Dougherty* v. *Equitable Life Assur. Soc. of U. S.*, 144 id. 363.) The affidavit of plaintiff's assignor, who was not present when the note was signed and who had no part in the negotiations, is of

no value in determining defendant's intention to make the note a sealed instrument. On the other hand, it clearly appears from defendant's affidavits that he had no intention of making the note a sealed instrument. He states unequivocally that he never adopted the seal and never intended to make the note a sealed instrument and that these matters were never discussed. In *O' Keefe* v. *French* (239 App. Div. 498) the court held that the printed word " Seal " which appeared upon the note at the time it was executed was sufficient, by virtue of section 44 of the General Construction Law, to constitute it a sealed instrument. We think not. In our opinion section 44 merely changed the common law with respect to the physical nature, substance or content of a private seal. (Cf. *Town of Solon* v. *Williamsburgh Sav. Bank*, 114 N. Y. 122.) It can have no effect in determining the fundamental question whether a word or symbol, admittedly sufficient, from a physical viewpoint, to constitute a seal, was used or adopted by the signer as his seal with the intention of making the paper a sealed instrument. Order denying defendant's motion to dismiss the complaint, pursuant to rule 107, subdivision 6, Rules of Civil Practice, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ., concur.