TRANSBEL INVESTMENT CO., INC., Appellant, *v.* JEAN G. VENETOS, Respondent.

Argued October 4, 1938; decided November 29, 1938.

*Manfred Nathan* and *Harold N. Schwinger* for appellant. The note is a sealed instrument as a matter of law. (*O' Keefe* v. *French,* 239 App. Div. 498; American Law Institute, Restatement of Law of Contracts, § 98 [1] and comment [a]; *Federal Reserve Bank* v. *Kalin,* 81 Fed. Rep. [2d] 1003; *Langley* v. *Owens,* 52 Fla. 302; *Warren* v. *Lynch,* 5 Johns. 239; *Merritt* v. *Cornell,* 1 E. D. Smith, 336; *Caputo* v. *Di Loreto,* 148 Atl. Rep. 367; *Taylor* v. *Glaser,* 2 S. & R. [Pa.] 502; *Austin* v. *Whitlock,* 1 Munf. [Va.] 487; *Lagumis* v. *Gerard,* 116 Misc. Rep. 471; *National Bank of Rochester* v. *Erion-Haines Realty Co.,* 224 App. Div. 642; *Barnard* v. *Gantz,* 140 N. Y. 249; *Harris* v. *Shorall,* 230 N. Y. 343.) The court below was in error in its finding that there was no evidence that defendant ever intended to make the note a sealed instrument; but, on the contrary, if the Court of Appeals holds the evidence insufficient to constitute the note a specialty as a matter of law, it should, nevertheless, reverse on the ground that there is a question of fact as to whether the instrument was sealed. (*O' Keefe* v. *French,* 239 App. Div. 498; *Drexler-Rochester Properties, Inc.,* v. *Paris,* 236 App. Div. 409; *Nix* v. *Low,* 165 Misc. Rep. 484.)

*Joesph Rosenzweig* and *Saul Bergman* for respondent. The promissory note is not a sealed instrument as a matter of law. (*Jacksonville Co.* v. *Hooper,* 160 U. S.

514; *Matter of Pirie,* 198 N. Y. 209; *Caputo* v. *DiLoreto,* 148 Atl. Rep. 367; *Empire Trust Co.* v. *Heinze,* 242 N. Y. 475; *Weeks* v. *Esler,* 143 N. Y. 374; *Drexler-Rochester Properties, Inc.,* v. *Paris,* 236 App. Div. 409; *Nix* v. *Low,* 165 Misc. Rep. 484; *Cochran* v. *Taylor,* 273 N. Y. 172.)

CRANE, Ch. J. The complaint in this action was dismissed on motion made under rule 107 of the Rules of Civil Practice, subdivision 6, on the ground that the cause of action did not accrue within the time limited by law for the commencement thereof. The complaint is brought upon a promissory note which, if it be under seal, comes within the twenty-year Statute of Limitations. The question presented on the motion was whether the note was a sealed instrument merely because it had opposite the maker's name the word " Seal," and, if not, whether a question of fact was presented calling for a trial, whereon the plaintiff would have the burden of proving that the note was intentionally sealed.

On the 10th day of March, 1925, A. J. Richey and his wife, Dorothy D. Richey, of Dade county, Florida, entered into a contract to sell real property in Florida to the present defendant, Jean G. Venetos. The contract called for installment payments secured by promissory note. The contract was concededly under seal. The complaint alleges the contract, and that the amount of the purchase price was past due and owing; that the Richeys tendered to the defendant a good and sufficient deed conveying good and marketable title, and demanded payment of the note sued upon; and that the defendant refused to pay or accept the deed. The note in question was signed and executed in Brooklyn, New York, March 10, 1925, for $12,183.50, payable at the Corn Exchange Bank, Flatbush Avenue Branch, in Brooklyn. It is Signed " J. G. Venetos      (Seal)." The word " seal "

is printed on the paper, so that we may assume that it was there at the time Venetos signed the note. A. J. Richey, the payee of the note, transferred his interest therein to the plaintiff. According to the authorities in this State, this promissory note is not a sealed instrument, in the absence of any explanation as to how or under what circumstances it was made, or any statements or facts showing an intention on the part of the maker to adopt the seal or to create a sealed instrument.

*Matter of Pirie* (198 N. Y. 209) related to an ordinary form of promissory note bearing the name of the maker and, after the signature, a seal. There was nothing in the body of the note or the signing of it which indicated that it was intended to be a sealed instrument. This court said: " Ordinarily a seal affixed to a paper in the form of a promissory note changes it into a sealed instrument, which, under the Statute of Limitations, may run for twenty years; but the mere attaching of a seal after the signature does not raise a presumption that the note is a sealed instrument, unless there be a recognition of the seal in the body of the instrument, by some such phrase as ' witness my hand and seal ' or ' signed and sealed.' The reason for this is that the mere attaching of a seal after a signature without any recognition of it in the body of the note or in connection with the signing, in the absence of evidence showing the time when, and the person by whom, the seal was affixed, would open the door to frauds and forgeries and enable evil-disposed persons to prevent the running of the six-years' Statute of Limitations, by merely attaching at the end of the note a seal. Under such circumstances a seal is regarded merely as surplusage and the character of the note is not changed" (p. 215).

This rule of the *Pirie* case has been followed by the courts of this State and in other States, and recognized as the rule of New York in the text books. We again referred to it in *Empire Trust Co.* v. *Heinze* (242 N. Y.

475, 479), which related to an instrument described as having been signed and sealed, but which in fact lacked a seal. We said, referring to section 44 of the General Construction Law (Cons. Laws, ch. 22), which defined the nature of a seal: " Intention, therefore, cannot make a seal where this provision has not been complied with. * * * The reverse of this proposition does not hold true. The seal annexed to an ordinary obligation like a promissory note does not necessarily make it a sealed instrument, in the absence of any indication that such was the intention." (Citing *Matter of Pirie.*)

Again, in *Cochran* v. *Taylor* (273 N. Y. 172, 178), we noted that in the body of the instruments the parties had recited that they attached their seals " thereby establishing their intention concerning the sealing of the instrument," citing the *Pirie* case. The authority of the *Pirie* case has been recognized in *Brooklyn Public Library* v. *City of New York* (222 App. Div. 422; affd., 250 N. Y. 495); *Drexler-Rochester Properties, Inc.,* v. *Paris* (236 App. Div. 409), where, at page 410, the court said: " The use of the letters ' L. S.' appearing after the signature of a party to an instrument not required by law to be under seal is not alone sufficient to constitute the instrument subscribed a sealed instrument."

In *Caputo* v. *DiLoretto* (110 Conn. 413) a promissory note was signed by the defendant on a line at the end of which in brackets was the word " seal." It was held that the instrument was not a contract under seal, and that the six-year Statute of Limitations applied. The court said: " To constitute such an instrument a contract under seal there must therefore be some recognition of the fact on the face of the instrument, other than the mere addition of such word or letters. * * * The fact that the maker of the instrument himself wrote the word ' seal ' or the letters ' L. S.' after his signature at the time that he executed it, or that the instrument was one whose validity was dependent upon its being under

seal, might indicate his intention " (p. 416). The *Pirie* case (198 N. Y. 209) was cited as an authority. (See, also, *Williams* v. *Turner*, 208 N. C. 202; and to the same effect, *Matter of Stamford Road Construction Co.*, 5 Fed. Supp. 651, which cites not only *Matter of Pirie*, 198 N. Y. 209, but *Weeks* v. *Esler*, 143 N. Y. 374, which preceded the *Pirie* case as an authority upon the same point; 1 Williston on Law of Contracts, § 209, p. 419; 25 Am. & Eng. Encyclopædia of Law [2d ed.], p. 76; *Breitling* v. *Marx*, 123 Ala. 222; *Buckingham* v. *Orr*, 6 Col. 587; *Chambers* v. *Kingsbeery*, 68 Ga. 828; *Bradley Salt Co.* v. *Norfolk Importing & Exporting Co.*, 95 Va. 461; 19 Am. & Eng. Annotated Cases, p. 678.)

The statement in the *Pirie* case, that there must be recognition in the instrument of the seal, was nothing new to the law, as it is found in *Newbold* v. *Lamb* as early as 1819 (5 N. J. L. 449). (See, also, Brannan's Negotiable Instruments Law [6th ed.], p. 191; 34 Yale Law Journal, p. 786; 4 N. Y. Law Review, p. 432; American Law Institute, Restatement of the Law of Contracts, N. Y. Annotations, vol. 1, § 100.)

The statement in the headnote of *Barnard* v. *Gantz* (140 N. Y. 249, 250) is misleading because under the letters " L. S." was the phrase, " Sealed and delivered in the presence of John Weber," and beneath this an acknowledgment.

The law, therefore, of this State is well established and has been followed and recognized, as before stated, in other courts. A promissory note bearing a signature, after which come the printed letters " L. S." is not *in and of itself* sufficient to constitute a specialty, a sealed instrument. There must be in the instrument some acknowledgment or recognition of the seal or else there must be proof that it was the intention of the parties to make it a sealed instrument. This proof may refer to words spoken or to circumstances of execution leading to the inference that the parties intended to use the seal.

The *Pirie* case recognized that such proof might be forthcoming by citing *Smith* v. *Henning* (10 W. Va. 596, 631), which stated: "To constitute a sealed instrument, there must be a seal or scroll affixed, and some recognition of it in the instrument, or some evidence of it *aliunde;* but it can never be maintained that such evidence, whether by the proof of witnesses or acknowledgment of the party, will not supply the place of such recognition."

The affidavit of the defendant on the motion to dismiss the complaint stated that when the note was signed there was nothing said nor was there anything discussed, nor was there any intention that the note be considered a sealed instrument within the purview of the statute. The plaintiff met this by the affidavit of A. J. Richey, the payee. He denies that it was never the intention to seal the note but, on the contrary, asserts that the defendant did intend to affix his seal, and that the note was given in connection with the real estate transaction; that the note was given as part of a consideration for an instrument under seal, "and that it was understood between the parties to the contract and to the note that both were to be sealed instruments."

We think these allegations are sufficient to create a question of fact regarding the nature of this instrument. Standing alone and by itself, unexplained, it is not a sealed instrument, but in view of these denials and allegations, the plaintiff may prove that it was the intention of the parties to make it a sealed instrument, and that the maker understood that he was adopting the seal. The burden is on the plaintiff, but the issue of fact is here and must be tried out. The plaintiff must have an opportunity to present all the facts.

For these reasons the judgment of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, J. (concurring for reversal). The promissory note was signed by the defendant in Brooklyn on March 10, 1925, and mailed by the defendant to the payee, A. J. Richey, in Florida pursuant to a contract under seal for the purchase of lands in Florida. A printed form was used with script or typewriting inserted in the blank spaces on the printed form. At the end of the space intended for a signature, in which the defendant wrote his name, appears the printed word " (seal)."

This action was not begun within six years after the note was due. In *Merritt* v. *Cornell* (1 E. D. Smith, 335), decided by the Court of Common Pleas in 1852, it was said: " At the present day, the distinction between sealed and unsealed instruments has almost ceased to exist, except in respect to the period of limitation of actions upon them " (p. 338). That period is fixed by statute and the Legislature there has continued the old distinction and has provided that: " an action upon a sealed instrument must be commenced within twenty years after the cause of action has accrued." (Civ. Prac. Act, § 47.) The question presented upon this appeal is whether the promissory note which the plaintiff in this action seeks to enforce is a " sealed instrument."

" The private seal of a person, other than a corporation, to any instrument or writing shall consist of a wafer, wax or other similar adhesive substance affixed thereto, or of paper or other similar substance affixed thereto, by mucilege or other adhesive substance, or of the word ' seal,' or the letters ' L. S.' opposite the signature." (General Construction Law [Cons. Laws, ch. 22], § 44.) " A contract under seal is a contract expressed in a writing which is sealed and delivered by the promisor." (American Law Institute, Restatement of the Law of Contracts, § 8.) Dispute may at times arise whether the substance affixed to the instrument was affixed by the obligor or adopted by him as his seal; whether the obligor wrote the words or letters opposite his signature or adopted as his seal such

words or letters previously written or printed upon the paper. Such dispute has arisen in this case and, without waiting for a trial, the courts below have granted summary judgment determining that the note is not a sealed instrument.

In *Matter of Pirie* (198 N. Y. 209) the court laid down the rule to be applied by the court when such a dispute arises: " Ordinarily a seal affixed to a paper in the form of a promissory note changes it into a sealed instrument, which, under the Statute of Limitations, may run for twenty years; but the mere attaching of a seal after the signature does not raise a presumption that the note is a sealed instrument, unless there be a recognition of the seal in the body of the instrument, by some such phrase as ' witness my hand and seal ' or ' signed and sealed.' The reason for this is that the mere attaching of a seal after a signature without any recognition of it in the body of the note or in connection with the signing, in the absence of evidence showing the time when, and the person by whom, the seal was affixed, would open the door to frauds and forgeries and enable evil-disposed persons to prevent the running of the six-years' Statute of Limitations, by merely attaching at the end of the note a seal. Under such circumstances a seal is regarded merely as surplusage and the character of the note is not changed " (p. 215). That statement of the applicable rule has been followed in all subsequent cases in this State, and is in accord with decisions in many other jurisdictions. (See 1 Williston on Law of Contracts [Revised ed.], § 209.) We are agreed that there should be no departure from that rule.

In this case there is no " recognition of the seal in the body of the instrument " but it does appear from an inspection of the instrument and from the affidavits of the parties that the word " seal " was printed opposite the signature of the defendant at the time when he signed the instrument and put it in circulation. Thus we have here indisputable evidence " showing the time when, and

the person by whom, the seal was affixed," which was wanting in the *Pirie* case.

Though this evidence destroys what we said in *Matter of Pirie* was the " reason " for the rule that, in the absence of recognition of the seal in the body of the instrument, no presumption arises that the note is a sealed instrument, yet it is now said that even this evidence must be supplemented by other proof that it was " the intention of the parties to make it a sealed instrument." Undoubtedly it must appear that such intention did exist; the problem, however, is whether in this case the evidence is sufficient to permit or even dictate a finding that the intention did exist.

Certainly the position of the printed word " seal " immediately after the defendant's signature leads fairly to the inference that the defendant saw that word and put the note in circulation knowing that it was there. Perhaps he did not, in fact, *intend* to indicate thereby that the note was to be considered a sealed instrument, but he manifested such intention by his acts. The word " seal " in that position constitutes the seal of the person signing the instrument, as " seal " is defined by the statute, and gives the note the appearance of a sealed instrument. It could not have any other purpose. Not the undisclosed intention of a party to a contract but the intention manifested by his acts or words, is the measure of his obligation. So here, evidence that the defendant put in circulation an instrument bearing what is, in law, his seal establishes that the note is a " sealed instrument." It is not disputed that the instrument was executed and delivered by the defendant and had a valid inception. The defendant should not be heard to say that he intended that the instrument should have a legal effect different from that which a person receiving it would be justified in ascribing to it.

That is the general rule as formulated in the Restatement of the Law of Contracts:

Section 96.

"A seal is a piece of wax, a wafer or other substance, affixed to the paper or other material on which a promise, release or conveyance is written, or a scroll or sign, however made, on such paper or other material, or an impression made thereon; provided that by a recital or by the appearance of the document an intention of the promisor, releasor or grantor is manifested that the substance, scroll, sign or impression shall be a seal.

" Comment.

\*        \*        \*        \*        \*        \*        \*

" Under the Section the question whether a seal is upon a document is to be determined from the document itself. Evidence of extrinsic circumstances is not admissible to prove or disprove this. Such circumstances may, however, be shown to aid the determination of the questions whether a promisor affixed or adopted a seal (see § 98) and whether the document has been delivered \*  \*  \*."

Section 98.

" (1) A promisor who delivers a written promise to which a seal has been previously affixed or impressed with apparent reference to his signature, thereby adopts the seal.

" (2) A promisor who delivers a written promise to which a seal has been previously affixed or impressed with apparent reference to the signature of another party to the document, is presumed to have adopted the seal unless extrinsic circumstances show a contrary intention.

" Comment.

" a. Under the rule stated in subsection (1) extrinsic evidence is not admissible; under the rule stated in subsection (2) such evidence is admissible."

Nothing to the contrary was said or decided in *Matter of Pirie (supra)* or in *Weeks* v. *Esler* (143 N. Y. 374), or any other cases in this court; nor have our decisions been generally construed as stating a different rule. (Cf.

authorities cited in the opinion of CRANE, Ch. J.) True, the unexplained presence of a seal upon a note is not itself sufficient proof that the maker " intended to, or did, affix it " (*Weeks* v. *Esler*), but proof that the maker did affix the " seal " or put the note in circulation bearing what is apparently his " seal " is sufficient. The weight of authority including the cases cited in *Matter of Pirie* support that conclusion.

The judgment should be reversed, etc.

O'BRIEN, HUBBS and FINCH, JJ., concur with CRANE, Ch. J.; LEHMAN, J., concurs in opinion in which LOUGHRAN and RIPPEY, JJ., concur.

Judgment accordingly.