374

Morris DeLuca, Appellant, *v.* Charles L. Apfel, Respondent.

Second Department, February 7, 1944.

*Otho S. Bowling* for appellant.

*George V. Fleckenstein* for respondent.

HAGARTY, Acting P. J. Defendant executed and delivered to plaintiff an assignment of a bond and mortgage in the sum of $2,000. The three instruments representing the transaction were executed on the 6th day of December, 1929, the date of delivery to plaintiff. The assignment contains a guarantee by defendant to plaintiff of the payment of principal and interest. Opposite the signature of defendant on this instrument, the letters " L. S." appear in typewriting, within parentheses. This action was commenced on the 4th day of June, 1942, to recover, in accordance with the guarantee, an alleged unpaid balance due on the 6th day of April, 1930.

We are of opinion that the learned trial court was in error in holding, as matter of law, that the twenty-year Statute of Limitations governing sealed instruments (Civ. Prac. Act, § 47) was inapplicable. The trial court stated in an oral decision, made after waiver of findings of fact, that no evidence had been adduced " by either side with respect to the intent," and that " it must be held, therefore, that this is not a sealed instrument * * *."

In the absence of recital of a seal in the body of an instrument, the simple appearance of the letters " L. S." after a signature, as in the case at bar, does not in and of itself raise a presumption that the instrument is under seal. There must be proof that it was the intention of the parties to make it a sealed instrument. (*Weeks* v. *Esler,* 143 N. Y. 374; *Matter of Pirie,* 198 N. Y. 209, 214–216; *Transbel Investment Co.* v. *Venetos,* 279 N. Y. 207, 212.) Recognition of the mere attachment of a seal as sufficient to change the character of an instrument, " in the absence of evidence showing the time when, and the person by whom, the seal was affixed, would open the door to frauds and forgeries." (*Matter of Pirie, supra.*)

Defendant, a lawyer, employed plaintiff as gardener and process server. In their preliminary negotiations plaintiff said: " I can lend you the $2,000 provided you give me guarantee, personally guarantee." Defendant replied: " All right, I will give you that personal guarantee." Thereafter and on the 6th day of December, 1929, plaintiff returned to the office of defendant " and I give him the money, and he give me the guarantee," namely, the assignment. The preparation and execution of the instrument were, therefore, solely and exclusively by or under the direction of defendant. The assignment consists of a printed form, in the blank spaces of which the pertinent and appropriate facts have been typewritten. The bulk of this type is in uniform carbon copy and includes the line bearing the signature, fol-

lowed immediately by the letters "L. S." in alignment. Thus it appears that the seal was there when defendant signed and delivered the paper.

This showing is sufficient to require a finding that the instrument is under seal. Plaintiff was not required to prove an express agreement of the parties as to its nature. In *Transbel Investment Co.* v. *Venetos* (*supra*) the efficacy of a seal printed on a promissory note at the time of execution by the maker was considered. It was held that averments in an affidavit in opposition to a motion by defendant for summary judgment to the effect that defendant did intend to affix a seal and that it was understood between the parties to the note that it was to be a sealed instrument were sufficient to present a question of fact requiring trial. The opinion by CRANE, Ch. J., for the majority, contains this statement (p. 212): " This proof [of intention of the parties to make the instrument one under seal] may refer to words spoken or to circumstances of execution leading to the inference that the parties intended to use the seal." Judge LEHMAN, in his concurring opinion, considers the effect of an instrument delivered with seal affixed but without express agreement of the parties in respect to it. Pointing out that proof of the presence of the seal at the time of execution satisfies the reason for the rule set forth in the *Pirie* case (*supra*) Judge LEHMAN continues by stating that the intention of the maker was manifested by his act in circulating the instrument with seal affixed, and concludes that such act establishes the instrument as one under seal. We are of opinion that the reasoning employed in this concurring opinion, not necessarily inconsistent with the views set forth in the majority opinion, should be followed. (See *O'Keefe* v. *French*, 239 App. Div. 498, leave to appeal denied 264 N. Y. 465.)

Although the undisputed proof of the circumstances attendant the execution and delivery of the assignment warrants judgment for plaintiff, a new trial should be granted so that the parties may have an opportunity further to develop the proof.

The judgment should be reversed on the law and a new trial granted, with costs to abide the event.

CARSWELL, JOHNSTON, ADEL and LEWIS, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to abide the event.